OPINION Raum, Judge: This case raises the issue of the proper method to be used in substantiating deductions for entertainment expenditures under section 274(d), I.R.C. 1954.[1] That subsection precludes a taxpayer from deducting any entertainment or similar expense unless he has substantiated such item, in all the various particulars there set forth, by “adequate records” or by “sufficient evidence corroborating his own statement.” Regulations have been promulgated to define these terms, and, as far as is relevant to the disposition of this case, provide that in addition to maintaining a written record of his expenditures, the taxpayer must retain documentary proof of every expenditure of $25 or more containing sufficient evidence to establish the amount, date, place, and the essential character of the expenditure. Sec. 1.274—5(c) (2) (i) and (iii), Income Tax Regs. If this “adequate record” is lacking, only “direct evidence, such as a statement in writing or the oral testimony of persons entertained” will ordinarily suffice to substantiate the expenditure in these respects. Sec. 1.274-5 (c) (3), Income Tax Regs. In William F. Sanford, 50 T.C. 823, decided this day, we held that these provisions in the regulations represent a valid exercise of the Commissioner’s authority to interpret the requirements of section 274(d). Petitioner’s failure to produce either supporting documentary proof or direct evidence of the amount, date, and place of his expenditures of $25 and over clearly violates these regulations and thus the Commissioner’s determination that such expenses were not properly substantiated must be sustained. Although the Commissioner’s notice of deficiency states that petitioner’s entertainment expenses were partially disallowed “for lack of proper [substantiation] such as receipts etc. under provisions of Internal Revenue Code Section 274,” the Commissioner correctly points out on brief that section 274 is a disallowance provision, and operates only to disallow expenses which have initially been demonstrated to be allowable under some other section of the Code. See H. Rept. No 1447, 87th Cong., 2d Sess., p. 19 (1962); S. Rept. No. 1881, 87th Cong., 2d Sess., p. 27 (1962). The Commissioner now takes the further position that in the circumstances of this case petitioner failed to meet even his initial burden of proving that the disallowed entertainment expenses were ordinary and necessary expenses of his trade or business, under section 162, I.R.C. 1954. In view of our conclusion in respect of section 274 and the accompanying regulations, it is unnecessary to reach this point. Decision will ~be entered for the respondent. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES, (d) ¡Substantiation Required. — No deduction shall be allowed— ******* (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, * * * ******* unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.