JAMES M. O'DONOGHUE and LAURIE O'DONOGHUE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Donoghue v. Commissioner
Docket No. 19633-82.
United States Tax Court
T.C. Memo 1984-198; 1984 Tax Ct. Memo LEXIS 471; 47 T.C.M. (CCH) 1563; T.C.M. (RIA) 84198; April 23, 1984. Laurie O'Donoghue, pro se. Ralph Eppensteiner, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456 (c) and (d), [1] and General Order No. 8, 81 T.C. XXIII *472 (1983). Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $3,281.17. After concessions, the only issue remaining for decision is whether petitioner is entitled to a deduction for employee business expenses for 1978. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner's address at the time the petition was filed herein was Old Mill Trinity Pass, Pound Ridge, New York 10576. During 1978 Laurie O'Donoghue (petitioner) was employed by ContiCommodity Services, Inc. as a commodities clerk. Her job required her to meet with clients, prospective clients and other members of the industry. Many of these meetings occurred in a predominantly social setting in restaurants and lounges. Petitioner kept a diary of the expenses she incurred for meals, drinks and transportation in connection with the meetings. She retained very few receipts to support the diary entries. She claimed employee business deductions of $6,586.43 for the amounts recorded *473 in her diary. At trial petitioner claimed an additional $4,014.07 due to a mathematical error in preparation of her original return. Respondent disallowed the deduction on the grounds that the expenses were not ordinary and necessary business expenses under section 162 and were insufficiently substantiated under section 274(d). Petitioner contends that the expenses were directly related to her trade or business and that they were adequately substantiated. Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. However, in the case of entertainment expenses and travel away from home, a deduction otherwise allowable under section 162 is allowable only if the substantiation requirements of section 274(d) have been satisfied. A portion of the claimed deductions relate to petitioner's local transportation. Such expenses are not required to satisfy the substantiation provisions of section 274(d). See Miller v. Commissioner,T.C. Memo. 1982-491; LeBeau v. Commissioner,T.C. Memo. 1980-570. Therefore, we will first consider the amounts claimed for meals, drinks, miscellaneous entertainment *474 expenses, and travel away from home which must meet the substantiation requirements of section 274(d). Petitioner's entertainment and travel expenses must be substantiated by adequate records or by sufficient evidence corroborating her own statement including (1) the amount, (2) the time and place of the travel or entertainment, (3) the business purpose, and (4) the business relationship to the taxpayer of the persons entertained. Section 274(d). Petitioner offered her business diary and a few receipts to corroborate her testimony concerning the expenses claimed for travel and entertainment. In general, the substantiation by adequate records requirement of section 274(d) may be satisfied by an account book, diary or expense statement prepared at or near the time of the expenditure and documentary evidence which, in combination, establish each element which must be substantiated. Section 1.274-5(c)(2), Income Tax Regs.Sanford v. Commissioner,50 T.C. 823, 829 (1968), affd. 412 F.2d 201 (2d Cir. 1969). Although prepared contemporaneously at the time the expenses were incurred, portions of petitioner's records are inadequate to satisfy the requirements *475 of section 274(d). Further, documentary evidence such as receipts or paid bills must ordinarily establish the amount, date, place and character of the expenditure. Section 1.274-5(c)(2)(iii), Income Tax Regs.Alter v. Commissioner,50 T.C. 833, 836 (1968). However, under the regulations authorized by section 274(d) respondent does not require documentary evidence of certain expenditures which do not exceed $25. Section 1.274-5(c)(2)(iii), Income Tax Regs.Sanford v. Commissioner,supra at 830. This exception does not mean that documentary evidence of an expenditure in excess of $25 is not needed if a taxpayer claims less than $25 of the total amount expended. Respondent has simply waived the documentary evidence requirement on those expenditures which are actually less than $25. Thus, where petitioner claimed a lesser deduction for a specific expenditure of $25 or more, the deduction is properly disallowed where there is no documentary evidence to support the amount claimed. See Sanford v. Commissioner,supra.
Where the expenditure are less than $25, petitioner is only allowed a deduction if her diary adequately substantiates *476 all elements of the expense as required by section 274(d). In most cases the diary reveals the amount of the expenditure, the time and place of the entertainment or travel, and the names of the persons entertained. However, many of the entries do not state a business purpose or business relationship with the person entertained. In Sanford we recognized the intent, manifested by Congress when section 274(d) was passed, that "the substantiation requirements of the bill contemplate more detailed recordkeeping than is common today in business expense diaries." Sanford v. Commissioner,supra at 831. Thus, cryptic notes such as "re silver" or "re potato market" do not rise to the standard necessary to show a business purpose. Petitioner need not provide a written explanation of the business purpose of her travel and entertainment expenses where the purpose is evident from the surrounding facts and circumstances. Section 1.274-5(c)(2)(ii)(b), Income Tax Regs. See Siragusa v. Commissioner,T.C. Memo. 1980-68, affd. without published opinion 659 F.2d 1062 (2d Cir. 1981). However, this is not such a case. Petitioner testified that the *477 notations indicating market discussions refer to gatherings of stock brokers at a local lounge following the close of the market for that day. The setting in which the entertainment took place was not a quiet typical business setting of which a business purpose can be inferred. Accordingly, only those expenditures are deductible where the diary clearly shows the business purpose of the travel and entertainment involved. After examining petitioner's business diary and supporting documentary evidence, we find that petitioner has adequately substantiated the following items: Travel
$ 310
Meals
783
Drinks
403
Miscellaneous
91
Total
$1,587
Petitioner also claimed as employee business expenses taxi fares in the amount of $1,127.20. Since local transportation expenses are not governed by the requirements of section 274, to be deductible these expenses must only be shown to be ordinary and necessary expenses paid or incurred in carrying on a trade or business under section 162(a). See Miller v. Commissioner,supra.Some expenditures were made under circumstances in which it is difficult to discern whether a business purpose existed. Others *478 were clearly personal. However, a portion of the claimed expenses are clearly deductible. Petitioner often traveled from her office to meet with clients or prospecitive clients in their offices or under circumstances in which the business purpose is clear. Such transportation expenses are deductible. Under these circumstances we may estimate the amount of deductible expenses using our best judgment. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Thus, considering the record as a whole, we find that petitioner incurred business expenses of $634 for local transportation, for which she is entitled to a deduction. Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩